I agree with the majority that service was proper under Civ. R. 4.1. The majority reasons, at least in part, such fact precludes relief under Civ. R. 60 (B). (Majority Opinion at 5). I disagree.
Whether appellant received actual notice of the complaint presents a different issue from whether appellant was legally served with the complaint. Civ. R. 60 (B) may provide relief where legal service has been effected, but actual notice has not been accomplished. If excusable neglect is established because of lack of actual notice, a trial court may grant relief from judgment despite service of process being legally perfected.
Appellant's affidavit in support of his motion was uncontradicted.[1] If ultimately believed, it might well be deemed sufficient to show appellant did not exhibit a complete disregard for the judicial system. As such, I believe appellant's motion and affidavit were sufficient to merit an evidentiary hearing on the matter. The trial court may well find appellant's claim in his affidavit not to be credible after a hearing, and, subsequently, deny his motion. However, given the status of the record presented to this Court, I find the trial court's summary denial of appellant's motion without a hearing to have been premature. See, Ohio Civil Right Comm. v. First Am. Properties,Inc. 113 Ohio App.3d 233.
 __________________________________ JUDGE WILLIAM B. HOFFMAN
 JUDGMENT ENTRY
CASE NO. 1997CV00647
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
[1] Appellant's motion also alleged meritorious defenses.